## GILBERT A. VAN DUYN AND GEO. B. HEMENWAY, PARTNERS,

### v.

## AULTMAN & Co.

*Agency—Contract—Sale of Farm Implements—Jurisdiction—Evidence.*

In an action brought by a manufacturer of farm machinery, upon an agency contract to recover the value of machinery sold, t being alleged that the purchase price was lost because of the failure of the agents to obey the instructions of the company, this court affirms the judgment for the plaintiff, the evidence being sharply conflicting and there being no substantial error in the instructions.

[Opinion filed May 25, 1888.]

APPEAL from the Circuit Court of Sangamon County; the Hon. J. A. CREIGHTON, Judge, presiding.

Messrs. BROWN, WHEELER & BROWN, for appellants.

Messrs. PATTON & HAMILTON, for appellee.

CONGER, P. J.   Appellants were the agents of appellee for selling the latter's machines.   A machine was sold to one De Gouveia, and delivered to him without taking such security as was required by the contract of agency between appellants and appellee.   The machine was never paid for, and the price was wholly lost to appellee, who thereupon brings this suit against appellants and seeks to recover upon the ground that it was lost by the failure of appellants to perform their contract of agency in taking proper security from De Gouveia before delivering the machine.

Appellee recovered a verdict for $1,777.52, and a remittitur was entered for $375, whereupon a judgment was rendered for $1,402.52.

The vital and contested question is, did appellants or appellee, by its general agent, Mickle, make the sale to De Gouveia. The evidence upon this point is quite contradictory, and consists of many circumstances upon which reliance is placed by the parties to strengthen the direct statements of the witnesses.

We have examined it all with care, but can see no good purpose to be subserved by referring to it at length.

We can not say that the jury were not warranted by it, in reaching the conclusion they did.

The fourth instruction does not, as we construe it, give the jury to understand that if Mickle sold the machine, still the sale should be considered as made by appellants, unless Mickle had authority to waive the terms of the contract.   It is silent as to who made the sale and only instructs the jury as to when and under what authority Mickle could vary the terms of the contract, and if, as insisted, it was not applicable to any issue being tried, we can not see that it was calculated to do appellants any injury.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*